IN OPEN COURT

MAY 16 2012

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 1:12CR38 |
| | ) | |
| KURAYE TAMUNOIBI AKUIYIBO, | ) | |
| | ) | |
| Defendant. | ) | |

PLEA AGREEMENT

Neil H. MacBride, United States Attorney for the Eastern District of Virginia, Kimberly R. Pedersen and Patricia Haynes, Assistant United States Attorneys, the defendant, Kuraye Tamunoibi Akuiyibo, and the defendant's counsel, Stuart Sears, have entered into an agreement pursuant to Rule 11 of the Federal Rules of Criminal Procedure. The terms of the agreement are as follows:

1. **Offense and Maximum Penalties**

The defendant agrees to plead guilty to Counts One and Two of the indictment, and to waive indictment and plead guilty to a single count criminal information. Count One of the indictment charges the defendant with Conspiracy to Commit Money Laundering, in violation of Title 18, United States Code, Section 1956(h). The maximum penalties for this offense are a maximum term of 20 years of imprisonment, a fine of $500,000, or twice the value of the property involved in the transaction, whichever is greater, full restitution, a special assessment and 5 years of supervised release. Count Two of the indictment charges the defendant with Conspiracy to Travel/Use Interstate Facilities in Aid of Racketeering Enterprises (the Travel Act), in violation of Title 18, United States Code, Sections 1952 and 371. The maximum

penalties for this offense are a maximum term of 5 years of imprisonment, a fine of $250,000, full restitution, a special assessment and 3 years of supervised release. The defendant also agrees to waive indictment and plead guilty to a single count criminal information charging the defendant with Violent Crime in Aid of Racketeering Activitiy (VICAR), in violation of Title 18, United States Code, Section 1959(a)(3). The maximum penalties for this offense are a maximum term of 20 years of imprisonment, a fine of $250,000, full restitution, a special assessment, and five years of supervised release. The defendant understands that this supervised release term is in addition to any prison term the defendant may receive, and that a violation of a term of supervised release could result in the defendant being returned to prison for the full term of supervised release.

2.  **Detention Pending Sentencing**

The defendant understands that this case is governed by Title 18, United States Code, Sections 3143(a)(2) and 3145(c). These provisions provide that a judicial officer shall order that a person who has been found guilty of an offense of this kind be detained unless there are statutory justifications why such person's detention would not be appropriate.

3.  **Factual Basis for the Plea**

The defendant will plead guilty because the defendant is in fact guilty of the charged offenses. The defendant admits the facts set forth in the statement of facts filed with this plea agreement and agrees that those facts establish guilt of the offenses charged beyond a reasonable doubt. The statement of facts, which is hereby incorporated into this plea agreement, constitutes a stipulation of facts for purposes of Section 1B1.2(a) of the Sentencing Guidelines.

4. **Assistance and Advice of Counsel**

The defendant is satisfied that the defendant's attorney has rendered effective assistance. The defendant understands that by entering into this agreement, defendant surrenders certain rights as provided in this agreement. The defendant understands that the rights of criminal defendants include the following:

    a.    the right to plead not guilty and to persist in that plea;

    b.    the right to a jury trial;

    c.    the right to be represented by counsel – and if necessary have the court appoint counsel – at trial and at every other stage of the proceedings; and

    d.    the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.

5. **Role of the Court and the Probation Office**

The defendant understands that the Court has jurisdiction and authority to impose any sentence within the statutory maximum described above but that the Court will determine the defendant's actual sentence in accordance with Title 18, United States Code, Section 3553(a). The defendant understands that the Court has not yet determined a sentence and that any estimate of the advisory sentencing range under the U.S. Sentencing Commission's Sentencing Guidelines Manual the defendant may have received from the defendant's counsel, the United States, or the Probation Office, is a prediction, not a promise, and is not binding on the United States, the Probation Office, or the Court. Additionally, pursuant to the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005), the Court, after

considering the factors set forth in Title 18, United States Code, Section 3553(a), may impose a sentence above or below the advisory sentencing range, subject only to review by higher courts for reasonableness. The United States makes no promise or representation concerning what sentence the defendant will receive, and the defendant cannot withdraw a guilty plea based upon the actual sentence. Notwithstanding the foregoing, the parties agree that there exists no aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the Guidelines that should result in a sentence outside of the advisory guidelines range. Accordingly, the parties agree not to seek or support any sentence outside of the advisory guideline range for any reason not set out explicitly in this agreement. Further, in accordance with Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United States and the defendant believe the correct application of the Sentencing Guidelines is as follows and will recommend to the Court that the following provisions of the Sentencing Guidelines apply:

Count 1 (Money Laundering Conspiracy):

§ 2S1.1(a)(1) (the base offense level of the underlying offense from which the laundered funds were derived, which is the Conspiracy to Travel in Aid of a Racketeering Enterprise (the Travel Act), in violation of 18 U.S.C. § 1952, as set forth in Count 2 of the Indictment);

§ 2E1.2(a)(2) (the base offense level for the Travel Act Conspiracy (Count 2) should be calculated by determining the offense level applicable to the underlying unlawful activity for which the travel or transportation was undertaken i.e., the Mann Act, in violation of 18 U.S.C. § 2421);

The base offense level is 14 (pursuant to § 2G1.1(a)(2));

§ 2G1.1(b)(1) (use of fraud and coercion) does not apply;

§ 2G1.1(d)(1) (Special Instruction - if the offense involved more than 1 victim, Chapter Three, Part D (Multiple Counts) shall be applied as if the promoting of a commercial sex act in respect to each victim had been contained in a separate count of conviction);

The parties stipulate that for the purposes of § 2G1.1(d)(1), the offense involved the transportation of more than 5 victims;

The offense level is increased by 2 levels, pursuant to § 2S1.1(b)(2)(B) because the defendant was convicted under 18 U.S.C. § 1956;

The offense level is increased by 2 levels pursuant to § 2S1.1(b)(3) because the offense involved sophisticated laundering;

The offense level is increased by 4 levels, pursuant to § 3B1.1(a), for the defendant's leadership role;

Resulting in a total offense level of 22 for Count 1.

Count 2, Conspiracy to Travel in Aid of a Racketeering Enterprise (the Travel Act)

§ 2E1.2(a)(2) (the base offense level for the Travel Act conspiracy charge should be calculated by determining the offense level applicable to the underlying unlawful activity for which the travel or transportation was undertaken, i.e., the Mann Act, in violation of 18 U.S.C. § 2421);

The base offense level is 14 (pursuant § 2G1.1(a)(2));

The parties agree that § 2G1.1(b)(1) (use of fraud and coercion) does not apply;

The offense level is increased by 4 levels, pursuant to § 3B1.1(a), for the defendant's leadership role;

Resulting in a total offense level of 18 for Count 2.

Count 3, Violent Crime in Aid of Racketeering (VICAR)

§ 2E1.3 (use the offense level applicable to the underlying crime of violence, which is aggravated assault);

The base offense level is 14 (pursuant to § 2A2.2(a));

The offense level is increased by 3 levels, pursuant to § 2A2.2(b)(2)(C), for brandishing or threatening to use a dangerous weapon);

The offense level is increased by 3 levels, pursuant to § 2A2.2(b)(3)(A), because the offense resulted in bodily injury;

Resulting in a total offense level of 20 for Count 3.

The parties agree that after the application of § 3D1.4 (determining the combined offense level), and assuming a three-level reduction for acceptance of responsibility, pursuant to § 3E1.1(a)-(b), the defendant's total adjusted offense level will be 24 (assuming the defendant is a criminal history category I, that would result in a guidelines range of 51-63 months).

The parties further agree to recommend that the court impose a sentence at the low end of the applicable Sentencing Guidelines range. The parties also agree that neither party will argue for a sentence above or below the low end of the applicable Sentencing Guidelines range. This recommendation is not binding on the Court.

The United States and the defendant agree that the defendant has assisted the government in the investigation and prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate

their resources efficiently. If the defendant qualifies for a two-level decrease in offense level pursuant to U.S.S.G. § 3E1.1(a) and the offense level prior to the operation of that section is a level 16 or greater, the government agrees to file, pursuant to U.S.S.G. § 3E1.1(b), a motion prior to, or at the time of, sentencing for an additional one-level decrease in the defendant's offense level.

6.   **Waiver of Appeal, FOIA and Privacy Act Rights**

The defendant also understands that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Nonetheless, the defendant knowingly waives the right to appeal the conviction and any sentence within the statutory maximum described above (or the manner in which that sentence was determined) on the grounds set forth in Title 18, United States Code, Section 3742 or on any ground whatsoever, in exchange for the concessions made by the United States in this plea agreement. This agreement does not affect the rights or obligations of the United States as set forth in Title 18, United States Code, Section 3742(b). The defendant also hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 552, or the Privacy Act, Title 5, United States Code, Section 552a.

7.   **Special Assessment**

Before sentencing in this case, the defendant agrees to pay a mandatory special assessment of one hundred dollars ($100.00) per count of conviction.

7

### 8. Payment of Monetary Penalties

The defendant understands and agrees that, pursuant to Title 18, United States Code, Section 3613, whatever monetary penalties are imposed by the Court will be due immediately and subject to immediate enforcement by the United States as provided for in Section 3613. Furthermore, within 14 days of a request, the defendant agrees to provide all of his financial information to the United States and the Probation Office and, if requested, to participate in a pre-sentencing debtor's examination and/or complete a financial statement under penalty of perjury. If the Court imposes a schedule of payments, the defendant understands that the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. If the defendant is incarcerated, the defendant agrees to voluntarily participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments.

### 9. Restitution

Defendant agrees that restitution is mandatory pursuant to 18 U.S.C. §3663A. Defendant agrees to the entry of a Restitution Order for the full amount of the victims' losses. Pursuant 18 U.S.C. § 3663A(c)(2), the defendant agrees that an offense listed in § 3663A(c)(1) gave rise to this plea agreement and as such, victims of the conduct described in the charging instrument, statement of facts or any related or similar conduct shall be entitled to restitution. Without limiting the amount of restitution that the Court must impose, the Government is currently aware that the following victims have suffered the following losses:

| Victim | Amount |
|---|---|
| Kobla Fiagbedzi | To be provided |

### 10. Immunity from Further Prosecution in this District

The United States will not further criminally prosecute the defendant in the Eastern District of Virginia for the specific conduct described in the indictment, the information, or statement of facts, except that the United States may prosecute the defendant for any crime of violence or conspiracy to commit, or aiding and abetting, a crime of violence not charged in the indictment or information as an offense. In such a prosecution the United States may allege and prove conduct described in the indictment or information or statement of facts. "Crime of violence" has the meaning set forth in Title 18, United States Code, Section 16.

### 11. Dismissal of Other Counts

As a condition of the execution of this agreement and the Court's acceptance of the defendant's plea of guilty, the United States will move to dismiss the remaining counts of the indictment against this defendant (i.e., counts 3-7 and 9-10).

### 12. Defendant's Cooperation

The defendant agrees to cooperate fully and truthfully with the United States, and provide all information known to the defendant regarding any criminal activity as requested by the government. In that regard:

    a. The defendant agrees to testify truthfully and completely at any grand juries, trials or other proceedings.

    b. The defendant agrees to be reasonably available for debriefing and pre-trial conferences as the United States may require.

c. The defendant agrees to provide all documents, records, writings, or materials of any kind in the defendant's possession or under the defendant's care, custody, or control relating directly or indirectly to all areas of inquiry and investigation.

d. The defendant agrees that, at the request of the United States, the defendant will voluntarily submit to polygraph examinations, and that the United States will choose the polygraph examiner and specify the procedures for the examinations.

e. The defendant agrees that the Statement of Facts is limited to information to support the plea. The defendant will provide more detailed facts relating to this case during ensuing debriefings.

f. The defendant is hereby on notice that the defendant may not violate any federal, state, or local criminal law while cooperating with the government, and that the government will, in its discretion, consider any such violation in evaluating whether to file a motion for a downward departure or reduction of sentence.

g. Nothing in this agreement places any obligation on the government to seek the defendant's cooperation or assistance.

13. **Use of Information Provided by the Defendant Under This Agreement**

The United States will not use any truthful information provided pursuant to this agreement in any criminal prosecution against the defendant in the Eastern District of Virginia, except in any prosecution for a crime of violence or conspiracy to commit, or aiding and

10

abetting, a crime of violence (as defined in Title 18, United States Code, Section 16). Pursuant to U.S.S.G. section 1B1.8, no truthful information that the defendant provides under this agreement will be used in determining the applicable guideline range, except as provided in section 1B1.8(b). Nothing in this plea agreement, however, restricts the Court's or Probation Officer's access to information and records in the possession of the United States. Furthermore, nothing in this agreement prevents the government in any way from prosecuting the defendant should the defendant knowingly provide false, untruthful, or perjurious information or testimony, or from using information provided by the defendant in furtherance of any forfeiture action, whether criminal or civil, administrative or judicial. The United States will bring this plea agreement and the full extent of the defendant's cooperation to the attention of other prosecuting offices if requested.

### 14. Prosecution in Other Jurisdictions

The United States Attorney's Office for the Eastern District of Virginia will not contact any other state or federal prosecuting jurisdiction and voluntarily turn over truthful information that the defendant provides under this agreement to aid a prosecution of the defendant in that jurisdiction. Should any other prosecuting jurisdiction attempt to use truthful information the defendant provides pursuant to this agreement against the defendant, the United States Attorney's Office for the Eastern District of Virginia agrees, upon request, to contact that jurisdiction and ask that jurisdiction to abide by the immunity provisions of this plea agreement. The parties understand that the prosecuting jurisdiction retains the discretion over whether to use such information.

### 15. Defendant Must Provide Full, Complete and Truthful Cooperation

This plea agreement is not conditioned upon charges being brought against any other individual. This plea agreement is not conditioned upon any outcome in any pending investigation. This plea agreement is not conditioned upon any result in any future prosecution which may occur because of the defendant's cooperation. This plea agreement is not conditioned upon any result in any future grand jury presentation or trial involving charges resulting from this investigation. This plea agreement is conditioned upon the defendant providing full, complete and truthful cooperation.

### 16. Motion for a Downward Departure

The parties agree that the United States reserves the right to seek any departure from the applicable sentencing guidelines, pursuant to Section 5K1.1 of the Sentencing Guidelines and Policy Statements, or any reduction of sentence pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure, if, in its sole discretion, the United States determines that such a departure or reduction of sentence is appropriate.

### 17. Forfeiture Agreement

The defendant understands that the forfeiture of assets is part of the sentence that must be imposed in this case. The defendant agrees to forfeit all interests in any prostitution or money laundering asset that the defendant owns or over which the defendant exercises control, directly or indirectly, as well as any property that is traceable to, derived from, fungible with, or a substitute for property that constitutes the proceeds of his offense, or faciliating property or property involved in the offense, including but not limited to the following specific property:

CATS ID#: 12-FBI-001722
ASSET ID#: 3920-12-F-0118
New York, NY
2006 Land Rover Range Rover HSE (Seized from: Tabatabai)
VIN#: SALMF15496A221867

CATS ID#:12-FBI-001793
ASSET ID#: 3920-12-F-0117
Miami, FL
2009 Aston Martin DB9 (Seized from: Tabatabai)
VIN#: SCFAD01EX9GA12409

CATS ID#: 12-FBI-002785
ASSET ID#: 3920-12-F-0130
New York, NY
$5,766.00 in U.S. currency (Seized from: Akuiyibo)

CATS ID#: 12-FBI-002783
ASSET ID#: 3920-12-F-0129
New York, NY
One Mans Officina Del Tempo Watch with broken band
One Ladies multi-band diamond ring (14kt white gold, weighing 3.2 dwts.)
One Ladies pear shaped diamond engagement ring (platinum, weighing 1.1 dwts.)
One Ladies diamond stud earrings (18kt white gold, weighing 1.1 dwts)
One Mans Rolex Deepsea Diver Watch (Model #: 116660)
One Mans IWC Schaffhausen Big Pilot Watch (Model#: IW500401)
One Mans Corum Admirals Cup Black Hull Chronograph Watch
One Mans Audemars Piguet Royal Oak Alinchi Polaris Watch (Model#: 0913)
One Mans Breitling 1884 for Bentley Watch (Model #: A13362)
One Mans Mans Cartier Santos 100
One Mans Rolex 18 kt Everose Presidential Watch
One Mans Hublot Big Band Watch (Model #: 301SB 615946)
One Mans Audemars Piguet Royal Oak Offshore Watch (Model#: 1865 F6373)

CATS ID#: 12-FBI-002798
ASSET ID #: 3920-12-F-0125
Miami, FL
Seized from Preye Akuiyibo Miami, FL
One designer sterling pendant
One Mans Elysee Automatic Watch
One designer sterling bracelet

The defendant agrees to waive all interests in the assets in any administrative or judicial

13

forfeiture proceeding, whether criminal or civil, state or federal. The defendant further agrees to the imposition of a personal money judgment in the amount of $1,600,000.00 to be satisfied, in part, from the net proceeds realized by the United States from the forfeiture of the above-described assets. The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant admits and agrees that the conduct described in the indictment, criminal information and Statement of Facts provides a sufficient factual and statutory basis for the forfeiture of the property sought by the government.

### 18. Waiver of Further Review of Forfeiture

The defendant further agrees to waive all constitutional and statutory challenges to forfeiture in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The defendant also waives any failure by the Court to advise the defendant of any applicable forfeiture at the time the guilty plea is accepted as required by Rule 11(b)(1)(J). The defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. The defendant understands and agrees that all property covered by this agreement is subject to forfeiture as proceeds of illegal conduct, property facilitating illegal conduct, property involved in illegal conduct giving rise to forfeiture, and substitute assets for property otherwise subject to forfeiture.

**19.     The Defendant's Obligations Regarding Assets Subject to Forfeiture**   Upon request by the government, the defendant agrees to identify all assets in which the defendant had any interest or over which the defendant exercises or exercised control, directly or indirectly, within the past three years. The defendant agrees to take all steps as requested by the United States to obtain from any other parties by any lawful means any records of assets owned at any time by the defendant. The defendant agrees to undergo any polygraph examination the United States may choose to administer concerning such assets and to provide and/or consent to the release of the defendant's tax returns for the previous five years.

**20.     Payment of Taxes and Filing of Tax Returns**

The defendant consents to any motion by the United States under Rule 6(e)(3)(E) of the Federal Rules of Criminal Procedure, to disclose grand jury material to the Internal Revenue Service for use in computing and collecting the defendant's taxes, interest and penalties, and to the civil and forfeiture sections of the United States Attorney's Office for use in identifying assets and collecting fines and restitution. The defendant also agrees to file true and correct tax returns for the years 2009 - 2011, within sixty days and to pay all taxes, interest and penalties for the years 2009 - 2011 within a reasonable time in accordance with a plan to be devised by the Probation Office. The defendant further agrees to make all books, records and documents available to the Internal Revenue Service for use in computing defendant's taxes, interest and penalties for the years 2009 - 2011.

**21.     Breach of the Plea Agreement and Remedies**

This agreement is effective when signed by the defendant, the defendant's attorney, and an attorney for the United States. The defendant agrees to entry of this plea agreement at the

date and time scheduled with the Court by the United States (in consultation with the defendant's attorney). If the defendant withdraws from this agreement, or commits or attempts to commit any additional federal, state or local crimes, or intentionally gives materially false, incomplete, or misleading testimony or information, or otherwise violates any provision of this agreement, then:

    a.    The United States will be released from its obligations under this agreement, including any obligation to seek a downward departure or a reduction in sentence. The defendant, however, may not withdraw the guilty plea entered pursuant to this agreement;

    b.    The defendant will be subject to prosecution for any federal criminal violation, including, but not limited to, perjury and obstruction of justice, that is not time-barred by the applicable statute of limitations on the date this agreement is signed. Notwithstanding the subsequent expiration of the statute of limitations, in any such prosecution, the defendant agrees to waive any statute-of-limitations defense; and

    c.    Any prosecution, including the prosecution that is the subject of this agreement, may be premised upon any information provided, or statements made, by the defendant, and all such information, statements, and leads derived therefrom may be used against the defendant. The defendant waives any right to claim that statements made before or after the date of this agreement, including the statement of facts accompanying this agreement or adopted by the defendant and any other statements made

pursuant to this or any other agreement with the United States, should be excluded or suppressed under Fed. R. Evid. 410, Fed. R. Crim. P. 11(f), the Sentencing Guidelines or any other provision of the Constitution or federal law.

Any alleged breach of this agreement by either party shall be determined by the Court in an appropriate proceeding at which the defendant's disclosures and documentary evidence shall be admissible and at which the moving party shall be required to establish a breach of the plea agreement by a preponderance of the evidence. The proceeding established by this paragraph does not apply, however, to the decision of the United States whether to file a motion based on "substantial assistance" as that phrase is used in Rule 35(b) of the Federal Rules of Criminal Procedure and Section 5K1.1 of the Sentencing Guidelines and Policy Statements. The defendant agrees that the decision whether to file such a motion rests in the sole discretion of the United States.

### 22. Nature of the Agreement and Modifications

This written agreement constitutes the complete plea agreement between the United States, the defendant, and the defendant's counsel. The defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in writing in this plea agreement, to cause the defendant to plead guilty. Any modification of this plea agreement shall be valid only as set forth in writing in a supplemental or revised plea agreement signed by all parties.

Neil H. MacBride
United States Attorney

By: *Kimberly R. Pedersen*
Kimberly R. Pedersen
Assistant United States Attorney
Patricia Haynes
Assistant United States Attorney


Defendant's Signature: I hereby agree that I have consulted with my attorney and fully understand all rights with respect to the pending criminal indictment and information. Further, I fully understand all rights with respect to Title 18, United States Code, Section 3553 and the provisions of the Sentencing Guidelines Manual that may apply in my case. I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand this agreement and voluntarily agree to it.

Date: 5/14/12

Kuraye Tamunoibi Akuiyibo
Defendant


Defense Counsel Signature: I am counsel for the defendant in this case. I have fully explained to the defendant the defendant's rights with respect to the pending indictment and information. Further, I have reviewed Title 18, United States Code, Section 3553 and the Sentencing Guidelines Manual, and I have fully explained to the defendant the provisions that may apply in this case. I have carefully reviewed every part of this plea agreement with the

18

defendant. To my knowledge, the defendant's decision to enter into this agreement is an informed and voluntary one.

Date: 5/14/12

_____
Stuart Sears
Counsel for the Defendant

19